IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ARELIS TORRES,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-1000 |
| | : | |
| **GEICO INSURANCE CO.,** | : | |
| Defendant. | : | |
| | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                     **March 27, 2014**

This case involves a claim by an injured driver against her auto insurer for uninsured motor vehicle coverage. The defendant moves to dismiss under Rule 12(b)(1) and 12(b)(6). For the reasons stated below, I will grant the defendant's motion to dismiss.

**I.  FACTUAL BACKGROUND**

On March 28, 2013, Plaintiff Arelis Torres was in a car accident with Anna Mendez in Whitehall, Pennsylvania. The plaintiff sustained serious and severe injuries. She alleges that Ms. Mendez's negligence was the cause of the accident and her injuries. The plaintiff brings this suit against her own insurer, Geico Insurance; her policy with Geico includes uninsured motorist coverage. The plaintiff asserts a claim for uninsured motorist coverage against Geico because she believes the tortfeasor's vehicle may not have been covered by an insurance policy.

The plaintiff asserts that jurisdiction in this court is appropriate under 28 U.S.C. §1332(a). The complaint indicates that the plaintiff is a Pennsylvania resident and that

Geico is a Virginia corporation, doing business in Pennsylvania. The "Jurisdiction" section of the complaint alleges that the amount in controversy exceeds $75,000; however, the demand section of the complaint claims the amount in controversy is "in excess of Fifty Thousand ($50,000.00) Dollars, but not in excess of Seventy-Five Thousand ($75,000.00) Dollars."

## II.   DISCUSSION

Geico moved to dismiss the complaint under two theories: 1) for lack of jurisdiction based on the amount in controversy pled, and 2) for failure to state a claim for uninsured coverage. I will address each in turn.

### A. Lack of Jurisdiction Based on Amount in Controversy

First, Geico points to the demand section of the complaint as evidence that the amount in controversy is not met and federal jurisdiction is lacking. In response, the plaintiff requests to amend the complaint in order to correct the amount in controversy in the demand section of the complaint.[1]

From the face of the pleadings, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). The jurisdiction section of the complaint pleads the appropriate amount in controversy. The plaintiff admits the amount

---

[1] The plaintiff made this request by including a "new matter" her response in opposition to the motion to dismiss. See Doc. No. 6. While the form of this request is typical of Pennsylvania state court pleadings and not pleadings of this court, I will accept this request as being a motion to amend the complaint. The plaintiff only requests to amend the complaint regarding this error and did not request to amend based on the other deficiencies in the complaint noted by the defendant.

pled in the demand section was an error.[2] The plaintiff asserts that she suffered "serious, severe and permanent bodily injuries."[3] From the face of the complaint, there does not appear to be a legal certainty that the claim will be for less than $75,000. The plaintiff and defendant are from different states. Therefore, the prerequisites of diversity jurisdiction under § 1332(a) have been met.

### B. Failure to State a Claim

Geico also argues that the complaint should be dismissed under Rule 12(b)(6) because Ms. Mendez was insured by AAA MidAtlantic at the time of the accident and that matter has been assigned a claim number. Under the insurance contract, Geico claims the uninsured motorist provision would not apply because Ms. Mendez had valid insurance and, therefore, her vehicle did not fall within the uninsured motor vehicle provision of the policy. Geico also argues that the complaint should be dismissed because the plaintiff fails to plead any breach of contract, bad faith denial, any denial of her claim at all by Geico, or even that she had previously placed a claim with Geico against her policy.

The plaintiff does not offer a rebuttal to Geico's argument that she has factually alleged that an actual controversy currently exists between the parties nor does she

---

[2] The language of this section itself supports the plaintiff's assertion that a mistake was made. The demand section appears to be a form pleading taken from a complaint made in Pennsylvania state court, meant to establish an amount over the compulsory arbitration limit of $50,000 but under the $75,000 needed for removal to federal court. See 42 Pa.C.S. § 7361.

[3] The complaint indicates that these injuries were to be "set forth more fully below;" however, no further allegations regarding the plaintiff's injuries are included in the complaint. Compl., Doc. No. 1 at ¶ 12. The plaintiff's response to the motion to dismiss indicates that the plaintiff is still being treated for the pain associated with her injuries, a year after the accident. One of the pain management options she discussed with her doctors is cervical surgery. The plaintiff is a 32 year old woman. Doc. No. 6.

confirm or deny whether Ms. Mendez is insured. Instead, the plaintiff offers a commentary about choice of law, then argues that Pennsylvania law allows underinsured and underinsured coverage claims to be heard concurrently with third party claims.[4]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff has failed to offer factual allegations that an actual dispute between her and her insurer over uninsured motor vehicle coverage exists. She has not pled that she submitted a claim for coverage to her insurer. She has not pled that Geico denied that claim. She has not alleged facts that Geico breached their insurance agreement. Overall, the plaintiff has not offered factual allegations that would support a claim for uninsured motor vehicle coverage.

For this reason, the plaintiff has failed to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the forgoing reasons, I will grant the defendant's motion to dismiss under Rule 12(b)(6). The complaint is dismissed without prejudice.[5]

---

[4] To support this argument the plaintiff cites Krakower v. Nationwide Mutual Insurance Co., 790 A.2d 1039 (Pa. Super. Ct. 2001). While that case does indicate that an underinsured motor vehicle claim can be brought before an action against a tortfeasor is resolved, that underinsured claim was brought by the injured driver because the liability insurance of the tortfeasor had a limit which did not cover her damages. Therefore, it was clear that she needed to seek insurance coverage from her own carrier. Id. at 1039. The plaintiff has not pled Mr. Mendez's insurance limit or any such factual allegations to indicate that an uninsured or underinsured claim is necessary at this time. She simply alludes to the fact that an uninsured claim "may" be necessary.

[5] The complaint offers some indication that a claim for uninsured motor vehicle coverage may be warranted. However, it is not clear from the complaint whether this claim has come to fruition but was poorly pled or whether

An appropriate Order follows.

---

the claim is not ripe for disposition. Because the amended complaint is factually—not legally—deficient, a curative amendment would not necessarily be futile.  Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008). Given that the statute of limitations has not run on any possible claim or dispute, the plaintiff is therefore granted leave to file a second amended complaint within fourteen (14) days of this Memorandum and Order, if she can in good faith. This amended complaint should correct the error in the amount in controversy and address the deficiencies with regard to the allegations of a dispute.